107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott MANNING, Claimant-Appellant.
 No. 95-6402.
 United States Court of Appeals, Second Circuit.
 Feb. 12, 1997.
 
 1
 Appearing for Appellant: Peter H. Dailey, New York, New York.
 
 
 2
 Appearing for Appellee: James J. Gelber, Assistant United States Attorney for the District of Vermont, Burlington, Vermont.
 
 
 3
 Before OAKES, WINTER, Circuit Judges and SAND,* District Judge.
 
 
 4
 Scott Manning appeals from Judge Parker's denial of his motion to vacate a consent agreement, rejecting Manning's claim that his attorney had no authority to enter the settlement. The consent agreement settled a forfeiture action based on Scott and Patricia Manning's use of their home, which was in Patricia Manning's name, for drug trafficking. The settlement placed the property in trust for their children--with somewhat different rights for Patricia's two children by a prior marriage, arguably required by the divorce settlement, and the Mannings' two children--and guaranteed that neither Scott nor Patricia Manning could benefit from the trust.
 
 
 5
 Scott Manning argues that his counsel, Mark Kaplan, signed the settlement agreement without his consent. The district court found Kaplan had authority to act on Manning's behalf. We agree.
 
 
 6
 The decision to settle a case rests with the client. Fennell v. TLB Kent Co., 865 F.2d 498, 501-02 (2d Cir.1989). An attorney's actual authority may be inferred from the words or conduct of a client which the client had reason to know would be regarded by the attorney as authorization to settle. United States v. Int'l Bhd. of Teamsters, 986 F.2d 15, 20 (2d Cir.1993). "[W]e presume that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, has authority to do so." In Re Artha Management, Inc., 91 F.3d 326, 329 (2d Cir.1996). The party challenging the attorney's authority has the burden of proving that the attorney lacked authority. Id.
 
 
 7
 Manning has failed to meet this burden. On the contrary, the evidence presented indicates that Kaplan had actual authority to settle the case. The July 18, 1994 letter from Kaplan to Manning upon which Manning relies is unavailing. In the letter, Kaplan expressed surprise at Manning's concern over certain elements in the trust and promised to try to incorporate some of Manning's suggestions into the settlement. However, Kaplan indicated that he is "not very optimistic that [h]e will be able to obtain any changes" at the last moment. Kaplan concludes, "Please advise." We find that this letter shows that Manning had given Kaplan authority to negotiate a settlement prior to the letter; that Kaplan expressed to Manning his intent to go forth with the settlement, incorporating Manning's suggestions as much as possible at that late date; and that Kaplan sought Manning's prompt response. There is no evidence to indicate that Manning responded to Kaplan's letter. The inference that Manning's silence constituted approval of his attorney's stated settlement goals is entirely reasonable.
 
 
 8
 Manning's delay in bringing this claim further supports a finding of authority. Manning waited six months to challenge the consent agreement. He initially filed a pro se motion arguing that the forfeiture settlement violated his rights against double jeopardy. After the government filed its response brief, Manning responded to the Government's brief by arguing, for the first time, that he had been unaware of the settlement. Manning's delay undercuts his credibility in claiming ignorance of the settlement. Cf. United States v. Int'l Bhd. of Teamsters, 986 F.2d at 20-21 (appellants' sixteen-month delay before challenging counsel's authority bound them to settlement).
 
 
 9
 We therefore affirm.
 
 
 
 *
 The Honorable Leonard B. Sand of the United States District Court for the Southern District of New York, sitting by designation